ALFONSO ILLONARDO, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted May 14, 1926—Decided November 23, 1926.

1. A person who is employed by a railroad company in maintaining the effectiveness of a part of the railroad's plant, which is used in both interstate and intrastate commerce, is entitled to maintain an action under the Federal Employers' Liability act when injured while engaged in such employment.

2. Where a railroad employe was injured while attending to his duty of opening the doors of a roundhouse, used both for interstate and intrastate commerce, he is entitled to maintain an action under the Federal Employers' Liability act.

3. Parol testimony as to the contents of pleadings in a case before the workmen's compensation bureau are inadmissible in evidence, unless the pleadings or certified copies thereof could not have been obtained and that fact is made known to the trial court.

On appeal from the Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellant, *Edward A. Markley* and *Charles W. Broadhurst.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff was employed as a common laborer at the roundhouse of the defendant company at Secaucus, used by the defendant both in interstate and intrastate commerce. While he was engaged in this work a crippled engine was brought to the roundhouse for the purpose of having repairs made to it, and he was called upon to assist in opening one of the doors of the building in order to admit the engine. While assisting in doing this, and before the door was entirely opened, the engine, which had come to a stop some fifteen or twenty feet away, was started up without warning to the plaintiff, crashed into the door, and severely injured him. These facts were undisputed. The present suit is brought under the Federal Employers' Liability act to recover compensation for the injuries that he received. The trial resulted in a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant has appealed.

The first ground upon which we are asked to reverse this judgment is that the trial court committed error in charging the jury as a matter of law that the plaintiff was engaged

in interstate commerce at the time of the accident. The pith of this contention is that, under the evidence, the question whether the plaintiff was then engaged in interstate or intrastate commerce was one of fact, to be determined by the jury; and that the ruling was not only erroneous, but was harmful, for the reason that, if the jury should have found that the plaintiff was engaged in the latter kind of commerce at the time of the accident, there could be no recovery by him under the federal statute, his sole remedy in that case being under our Workmen's Compensation act. We consider that the judicial action which is the subject of this complaint was entirely justified. The theory of counsel for the defendant seems to be that the character of the plaintiff's employment at the time of the accident depended upon whether the engine which inflicted the injury upon him was at that time engaged in interstate commerce; the testimony showing the contrary to be the fact. But this theory is not sound. The plaintiff had nothing to do with the management of the engine or with its repairs. He was a roundhouse employe, and that building was used indiscriminately both in interstate and intrastate commerce. In this respect the case is similar in its legal aspect to that of *Grybowski* v. *Erie Railroad Co.*, 88 *N. J. L.* 1; *affirmed*, 89 *Id.* 361. In the cited case the plaintiff's intestate was an employe of the defendant company at its ash-pit in the terminal yard at Jersey City. This pit was intended to be and was, in fact, used both by engines engaged in interstate commerce and by those engaged in intrastate commerce. A part of the duty of plaintiff's decedent as such employe was to clean out from time to time the ashes which accumulated in the pit. He had been doing this work, and had just come out of the pit, when he was run over and killed by a locomotive of the defendant company. It was held that a person who is employed by a railroad company in maintaining the effectiveness of a part of the railroad's plant which is used in both interstate and intrastate commerce is entitled to maintain an action under the Federal Employers' act when injured while engaged in such employment. A roundhouse is as

much a part of a railroad company's plant as its ash-pit; and a person whose employment requires him to assist in opening the doors of a roundhouse for the admission of locomotives is as much engaged in maintaining the effectiveness of this part of the railroad company's plant as is a man whose duty requires him to clean out the ash-pit of the company in order to maintain its effectiveness.

Next, we are asked to reverse because of the action of the trial court in overruling certain questions which were asked by counsel for the defendant with the object of showing that the plaintiff had filed a petition with the workmen's compensation bureau of the state, wherein he prayed that he might be compensated under the Workmen's Compensation act, and that the defendant company had filed an answer to that petition, wherein it admitted that the plaintiff was entitled to compensation under that statute. We find no error in this judicial ruling. If the defendant had desired to prove the contents of such a petition and answer, the proper method of doing so was to have produced those pleadings from the files of the workmen's compensation bureau, or duly certified copies thereof, and to have offered them in evidence. Parol testimony as to their contents was inadmissible unless the pleadings or certified copies thereof could not have been obtained and that fact was made known to the trial court.

The next contention is that the court erred in refusing to charge certain requests, each of which was based upon the theory that it was for the jury to say whether or not the plaintiff and the defendant were engaged in interstate commerce at the time of the happening of the accident. We consider that these requests were properly refused, for the reasons upon which our conclusion with relation to the first ground for reversal is based.

Lastly, we are asked to reverse this judgment because the trial court, as counsel claims, erred in refusing to instruct the jury that the defendant company could not be charged with negligence for failing to ring a bell or blow a whistle at the time of the accident, as there was no evidence that it was customary to do either the one or the other of these

things when a locomotive was about to enter the round-house. In our opinion, this request was properly refused. It was quite immaterial what the usual custom was with regard to the ringing of the bell or the blowing of the engine whistle, under normal conditions, as an engine was about to enter the roundhouse. The question for the consideration of the jury in the present case was whether the engineer knew that the plaintiff was opening the roundhouse door, and, if so, then, whether he ought not to have used care to ascertain whether, by running his engine into the roundhouse before the door thereof was entirely opened he would thereby jeopardize the safety of the plaintiff. And, if that fact was apparent, then it was for the jury to say whether he was not under a duty to give notice to the plaintiff of his intended movement of the engine either by the blowing of the whistle or the ringing of the bell (although neither of those things was done under normal conditions), or by taking some other precaution for his protection against injury which might otherwise result to him.

For the reasons stated, the judgment under review will be affirmed.